1   THEODORA R. LEE, Bar No. 129892
    LITTLER MENDELSON
2   A Professional Corporation
    650 California Street, 20th Floor
3   San Francisco, CA  94108.2693
    Telephone:  415.433.1940
4   Facsimile:   415.399.8490
    E-mail: tlee@littler.com
5

6   LENA K. SIMS, Bar No. 212904
    LITTLER MENDELSON
7   A Professional Corporation
    501 W. Broadway, Suite 900
8   San Diego, CA  92101-3577
    Telephone:  619.232.0441
9   Facsimile:   619.232.4302
    E-mail: lsims@littler.com
10

11  Attorneys for Defendant
    STRYKER SALES CORPORATION

12

13                  UNITED STATES DISTRICT COURT

14              NORTHERN DISTRICT OF CALIFORNIA

15  JOHN HOPKINS, BRODY                 Case No.
    PUCKETT, on behalf of themselves,
16  individually, and all other similarly   **DEFENDANT'S NOTICE OF**
    situated,                           **REMOVAL OF CIVIL ACTION ON**
17                                      **BASIS OF DIVERSITY**
                    Plaintiffs,         **JURISDICTION PURSUANT TO 28**
18                                      **U.S.C. SECTIONS 1332 (a), 1441 (b)**
    v.                                  **AND 1446**
19
    STRYKER SALES CORPORATION,
20  a Michigan Corporation; and DOES 1
    to 100, inclusive,
21
                    Defendants.
22

23          TO THE CLERK OF THE FEDERAL DISTRICT COURT FOR THE

24  NORTHERN DISTRICT OF CALIFORNIA:

25          PLEASE   TAKE   NOTICE   that   Defendant   STRYKER   SALES

26  CORPORATION ("Defendant" or "Stryker"), contemporaneously with the filing of

27  this Notice, hereby effects removal of the below referenced action from the Superior

28  Court of the State of California for the County of Santa Clara to the United States

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

**DEF'S NOTICE OF REMOVAL OF CIVIL
ACTION**                              CASE NO. _____

District Court for the Northern District of California.  This removal is based on 28 U.S.C. sections 1332(a), 1441(b), and 1446 due to diversity of citizenship between the parties, and, specifically, on the following grounds:

## PLEADINGS, PROCESS AND ORDERS

1.    On April 20, 2011, Plaintiffs John Hopkins and Brody Puckett filed a Class Action Complaint in the Superior Court of the State of California for the County of Santa Clara entitled: *John Hopkins and Brody Puckett, on behalf of themselves, individually, and all others similarly situated v. Stryker Sales Corporation, a Michigan Corporation, DOES 1 to 100, Inclusive,* Case No. 111CV199366 (hereinafter "the Complaint").  The Complaint alleged two causes of action for: (1) Failure to Indemnify in Violation of California Labor Code Sections 226 and 2802; and (2) Violations of California Business and Professions Code Section 17200, *et seq*.  A true and correct copy of the Complaint is attached hereto as Exhibit A.

2.    On May 10, 2011, Defendant was served a copy of the Complaint via its agent for service of process, CT Corporation.  At the same time, Defendant also received a Summons, Civil Case Cover Sheet, and Civil Lawsuit Notice (Attachment CV-5012).  A true and correct copy of the Summons, Civil Case Cover Sheet and Civil Lawsuit Notice are attached as Exhibits B, C, and D, respectively.

3.    On May 18, 2011, the Santa Clara County Superior Court entered an Order Deeming the Case Complex, and assigning the case to the Honorable James P. Kleinberg.  The Order Deeming the Case Complex was served on Stryker Sales Corporation via its agent for service of process, CT Corporation.  A true and correct copy of the Order Deeming the Case Complex is attached as Exhibit E.

4.    On June 6, 2011, Defendant served and filed its Answer to the Complaint in the Superior Court of the State of California for the County of Santa Clara.  A true and correct copy of Defendant's Answer is attached hereto as Exhibit F.

5.    The Complaint, Summons, Civil Case Cover Sheet, Civil Lawsuit

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DEF'S NOTICE OF REMOVAL OF CIVIL ACTION                    2.          CASE NO. _____

1   Notice, Order Deeming the Case Complex and the Answer, which are attached hereto,

2   are the only pleadings, process or orders served or filed in the state action. Moreover,

3   no further proceedings have been conducted in this case in the Superior Court of the

4   County of Santa Clara. Accordingly, the requirements of 28 U.S.C. § 1446(a) have

5   been satisfied.

6   **REMOVAL BASED ON DIVERSITY OF CITIZENSHIP JURISDICTION**

7   6.   28 U.S.C. § 1332(a) provides in relevant part as follows: "The

8   district court shall have original jurisdiction of all civil actions where the matter in

9   controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and

10  is between . . . (1) citizens of different states[.]"

11  7.   This action is a civil action over which this Court has original

12  jurisdiction under 28 U.S.C. section 1332(a), and is one that may be removed to this

13  Court by Defendant pursuant to the provisions of 28 U.S.C. Sections 1441(a) and

14  1446, in that it is a civil action between citizens of two different states and the amount

15  in controversy exceeds Seventy Five Thousand Dollars ($75,000.00), exclusive of

16  interest and costs. As set forth below, this case also meets all of Section 1332's

17  requirements for removal and is timely and properly removed by the filing of this

18  Notice.

19  8.   Defendant is informed and believes that named Plaintiff John

20  Hopkins is, both at the time of the filing of this action and currently, a resident and

21  citizen of the County of Fresno, State of California. (Exh. A, Complaint, ¶¶ 3, 4;

22  Declaration of Jessica Winter ("Winter Decl.") ¶ 3.)

23  9.   Defendant is informed and believes that named Plaintiff Brody

24  Puckett is, both at the time of the filing of this action and currently, a resident and

25  citizen of the County of Butte, State of California. (Exh. A, Complaint, ¶¶ 3, 4;

26  Declaration of Jessica Winter ("Winter Decl.") ¶ 4.)

27  10.   Defendant Stryker Sales Corporation was at the time of the filing

28  of the state court action, and remains today, a corporation incorporated under the laws

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEF'S NOTICE OF REMOVAL OF CIVIL
ACTION                                  3.        CASE NO. _____

of the State of Michigan, with its principal place of business in the State of Michigan. (Exh. A, Complaint ¶ 11; Winter Decl. ¶ 2.)  Accordingly, Defendant is not a citizen of the State of California and is, in fact, a citizen of a different state than that of the named Plaintiffs.

11.    As demonstrated, Plaintiffs and Defendant are diverse because they are citizens of different states.  See 28 U.S.C. § 1332(a).

12.    Federal law permits removal in diversity cases only if all defendants join in the petition.  As the foregoing demonstrates, there is one Defendant to this action: Stryker Sales Corporation.  All named Defendants have been served. This Notice of Removal is brought on behalf of all Defendants.

13.    Defendants Does 1 through 100 are fictitious.  Pursuant to 28 U.S.C. section 1441(a), the citizenship of defendants sued under fictitious names must be disregarded for the purpose of determining diversity jurisdiction and cannot destroy the diversity of citizenship between the parties in this action.  *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).

**AMOUNT IN CONTROVERSY UNDER SECTION 1332(a)**

14.    Plaintiffs' Complaint seeks compensatory damages, restitution, disgorgement of profits, as well as statutory damages and penalties for the four years prior to this action's filing date through the date of this action's final disposition. (Exh. A, Complaint ¶¶ 27, 42, 43, 47, Prayer for Relief p. 10.)  Plaintiffs' claims are based upon the allegations that Defendant failed to provide full reimbursement for actual business expenses including, among others, telephone fees, mileage, travel expenses, office expenses, and office rental in violation of California Labor Code section 2802. (Exh. A, Complaint ¶ 22.)  Plaintiffs also claim that Defendant deprived them of meal and rest breaks and failed to provide and pay for missed breaks, failed to pay wages upon termination, and failed to furnish accurate, itemized wage statements. (Exh. A, Complaint ¶ 31(c).  Plaintiffs allege violations of Labor Code sections 200 203, and 226; and violation of Business & Professions Code section 17200 *et seq.*

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DEF'S NOTICE OF REMOVAL OF CIVIL ACTION                    4.                    CASE NO. _____

1    (Exh. A, Complaint ¶¶ 43, 45.)    Finally, Plaintiffs allege entitlement to penalties

2    under the Private Attorneys General Act of 2004, Labor Code section 2699 *et

3    seq.*("PAGA"). (Exh. A, Complaint ¶¶ 27, Prayer for Relief p. 10.)

4          15.    However, Plaintiffs' Complaint is silent as to the total amount of

5    monetary relief claimed.  The failure of the Complaint to specify the total amount of

6    monetary relief sought personally by Plaintiffs does not deprive this Court of

7    jurisdiction.  See *White v. J.C. Penny Life Ins. Co.*, 861 F. Supp. 25, 26 (S.D.W.Va.

8    1994) (defendant may remove suit to federal court notwithstanding the failure of

9    plaintiff to plead a specific dollar amount in controversy; if the rules were otherwise,

10   "any Plaintiff could avoid removal simply by declining . . . to place a specific dollar

11   claim upon its claim").  Defendant need only establish by a preponderance of evidence

12   that Plaintiffs' claims exceeds the jurisdictional minimum. *See Sanchez v.*

13   *Monumental Life Ins. Co.* 102 F.3d 398, 404 (9th Cir. 1996); *Singer v. State Farm*

14   *Mutual Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997).

15         16.    Plaintiffs filed this case in state court as an unlimited jurisdiction

16   matter (e.g., Plaintiffs allege that the amount in controversy exceeds $25,000) (See

17   State Civil Cover Sheet, attached hereto as Exh. C.)

18         17.    Given the four year statute of limitations alleged to be in issue, the

19   relevant claims period is April 20, 2007 and continuing until judgment is entered.

20   Business & Professions Code § 17204.   Both Plaintiffs allege that they became

21   employed by Defendant prior to the start of the claims period.  (Exh. A ¶¶ 5, 6.)

22   During the last year of his employment, December 2010, Plaintiff Hopkins was paid

23   compensation in the amount of $135,814.65.  In the prior year, 2009, Mr. Hopkins

24   was paid compensation in the amount of $239,502.55.  During the last year of his

25   employment, October 2009, Plaintiff Puckett was paid compensation in the amount of

26   $186,358.78.   In the prior year, 2008, Mr. Puckett was paid compensation in the

27   amount of $239,861.96. (Winter Decl. ¶¶ 5, 6.)  Accordingly, Plaintiffs' individual

28   wage claims based solely on compensation would exceed the jurisdictional

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DEF'S NOTICE OF REMOVAL OF CIVIL
ACTION                                              5.          CASE NO. _____

1   requirement.

2          18.     Plaintiffs allege that they are entitled to damages and penalties for

3   claimed violations of Labor Code section 226, which requires an employer to furnish

4   accurate itemized wage statements to its employees. (Exh. A, Complaint, ¶¶ 1, 31(a),

5   43.)  Labor Code § 226(e) provides as follows: "[a]n employee suffering injury as a

6   result of a knowing and intentional failure by an employer to comply with subdivision

7   (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the

8   initial pay period in which a violation occurs and one hundred dollars ($100) per

9   employee for each violation in a subsequent pay period, not exceeding an aggregate

10  penalty of four thousand dollars ($4,000), and is entitled to an award of costs and

11  reasonable attorneys' fees."  Cal. Labor Code § 226(e).  Per Plaintiffs' Complaint, the

12  statutory period is from April 20, 2007 to the present.  (Exh. A, Complaint, ¶¶ 44 *et*

13  *seq.*)  Therefore, Plaintiffs' personal claims for statutory penalties under Labor Code §

14  226 are a combined $8,000.00 (Plaintiffs are each provided the $4,000.00 maximum

15  penalty per employee).

16          19.     Plaintiffs allege that they were deprived of meal and rest breaks

17  and were not provided with and paid for missed breaks.  (Exh. A, Complaint ¶ 31(c).)

18  "If an employer fails to provide an employee with a meal period or rest period in

19  accordance with an applicable order of the Industrial Welfare Commission, the

20  employer shall pay the employee one hour of pay at the employee's regular rate of

21  compensation for each work day that the meal or rest period is not provided."  Labor

22  Code § 226.7.  Plaintiffs allege that a four year statute of limitations applies.  Bus. &

23  Prof. Code § 17200 *et seq.*  Assuming Plaintiffs can each prove one meal period and

24  one rest period violation per workweek, they are each entitled to recover premium pay

25  for violation of Labor Code section 226.7.  The combined value of Plaintiffs'

26  individual meal and rest period claims could well exceed the jurisdictional amount.

27          20.     Plaintiffs allege that they were not paid all wages owed to them

28  upon termination in violation of Labor Code section 203.  During the last year of his

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEF'S NOTICE OF REMOVAL OF CIVIL
ACTION                                    6.        CASE NO. _____

employment, December 2010, Plaintiff Hopkins was paid compensation in the amount of $135,814.65.  In the prior year, 2009, Mr. Hopkins was paid compensation in the amount of $239,502.55.  During the last year of his employment, October 2009, Plaintiff Puckett was paid compensation in the amount of $186,358.78.  In the prior year, 2008, Mr. Puckett was paid compensation in the amount of $239,861.96. (Winter Decl. ¶¶ 5, 6.)  "If an employer willfully fails to pay . . . in accordance with Sections 201 . . . any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than 30 days." Labor Code § 203(a).  Plaintiffs' claims could therefore be in excess of the jurisdictional requirement.

21.   Plaintiffs allege entitlement to penalties under the Private Attorneys General Act of 2004, Labor Code section 2699 *et seq.* ("PAGA").  (Exh. A, Complaint ¶¶ 27, Prayer for Relief p. 10.)  An "aggrieved" plaintiff may recover civil penalties in the amount of $100 for each initial violation and $200 for each subsequent violation.  Labor Code § 2699.3.  These penalties may be assessed for violations of Labor Code sections 203, 226, 226.7 and 2802, each of which is alleged by Plaintiffs. Labor Code § 2699.5  These penalties are subject to a one-year statute of limitation. Civ. Proc. Code § 340.  Therefore, Plaintiffs have alleged civil penalties under PAGA in the following amounts with respect to their individual claims:

a.   With respect to Labor Code section 203, each Plaintiff alleges civil penalties in the amount of $100 for initial violations. Together, Plaintiffs' civil penalties claim for violation of Labor Code section 203 is $200.

b.   With respect to Labor Code section 226, each Plaintiff alleges that he is entitled to recover $5,100 ($100 for the initial violation and $200 per each of the following 25 pay periods for the one year period).  Together, Plaintiffs' civil penalties claim for violation of Labor Code section 226 is $10,200.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108-2693
415.433.1940

DEF'S NOTICE OF REMOVAL OF CIVIL ACTION                    7.        CASE NO. _____

c.     With respect to Labor Code section 226.7, we assume each Plaintiff alleges one meal and one rest period violation per workweek. Based on those assumptions, each would be entitled to recover $ 20,600 ($100 + $200 x 51 x 2 [one meal period violation + one rest period violation]).   Together, Plaintiffs' civil penalties claim for violation of section 226.7 is $41,200.

d.     With respect to Labor Code section 2802, we assume each Plaintiff alleges one violation per month.  Based on that assumption, each Plaintiff would be entitled to recover $2,300 ($100 for the initial violation + $200 for each of the subsequent eleven months).  Together, Plaintiffs' civil penalties claim for violation of section 2802 is $4,600.

22.     Plaintiffs also seeks reimbursement for actual expenses incurred for telephone fees, mileage, travel expenses, office expenses, and office rental in violation of California Labor Code section 2802.   (Exh. A, Complaint ¶ 22.) Although Plaintiffs do not specify the actual amounts, these expenses could well exceed the jurisdictional amount.

23.     Compensatory (actual) damages, special damages and potential punitive damages may be considered when determining the amount in controversy. *Bell v. Preferred Life Assur. Soc'y of Alabama*, 320 U.S. 238, 241 (1943); *Bassett v. Toyota Motor Credit Corp.*, 818 F. Supp. 1462, 1464-65 (S.D. Ala. 1993); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001); *Coleman v. Assurant, Inc.*, 463 F. Supp. 2d 1164, 1168 (D. Nev. 2006) ("It is well established that punitive damages are part of the amount in controversy in a civil action" (citing *Gison v. Chrysler Corp.*, 261 F. 3d 927, 945 (9th Cir. 2001)); *Richmond v. All State Insurance*, 897 F. Supp. 447, 450 (S.D. Cal. 1995) (general and special damages included in the amount in controversy).

24.     In addition, Plaintiffs also seek an award of attorneys' fees. (Exh. A, Complaint, Prayer for Relief ¶ p. 10.)  It is well-settled that in determining whether a complaint meets the amount in controversy requirement, the Court should consider

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433 1940

DEF'S NOTICE OF REMOVAL OF CIVIL ACTION                    8.          CASE NO. _____

1   attorneys' fees.  See, e.g., *Bell v. Preferred Life*, 320 U.S. 238, 240; *Goldberg v.*
2   *C.P.C. Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982) (attorneys' fees may be taken
3   into account to determine jurisdictional amounts); *Galt G/S v. JSS Scandinavia*, 142 F.
4   3d 1150, 1155-1156 (9th Cir. 1998) (prayer for attorneys' fees included in
5   determining the amount in controversy where potentially recoverable by statute);
6   *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002)
7   (court may estimate the amount of reasonable attorneys' fees likely to be recovered by
8   a plaintiff if he were to prevail in determining whether amount in controversy exceeds
9   $75,000.00).

10          25.     Based on the foregoing, Defendant has abundantly carried its
11  burden of demonstrating by a preponderance of the evidence that the amount in
12  controversy in this matter clearly exceeds the jurisdictional minimum of $75,000.00.

13          26.     Removal of this action is therefore proper as the aggregate value
14  of Plaintiffs' claims for unpaid wages and statutory penalties, exclusive of interests
15  and costs, is well in excess of the $75,000.00 jurisdictional requirement. See 28
16  U.S.C. § 1332(a).

17          27.     For these reasons, this action is a civil action over which this
18  Court has original jurisdiction pursuant to 28 U.S.C. section 1332, and which may be
19  removed by Defendant to this Court pursuant to 28 U.S.C. section 1441(a), in that is a
20  civil action wherein the matter in controversy exceeds the sum of $75,000 exclusive of
21  interest and costs, and is between citizens of different states.

22                          **TIMELINESS OF REMOVAL**

23          28.     This removal is timely because it is filed within thirty (30) days
24  from the date that Defendant was first served with copies of the Summons and
25  Complaint, and within one year from the commencement of this action as required
26  under 28 U.S.C. §1446(b).  *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*,
27  526 U.S. 344, 354 (1999) (timeliness of removal determined based on date service
28  perfected under state law, not date defendant first learns of complaint).

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEF'S NOTICE OF REMOVAL OF CIVIL ACTION                 9.            CASE NO. _____

**JURISDICTION**

29.     This District Court has jurisdiction over all the parties and its territorial jurisdiction embraces the place where the Superior Court Action is pending. Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(c)(2), 1391 and 1446.

**NOTICE TO PLAINTIFFS**

30.     Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Northern District of California, written notice of such filing will be given by the undersigned to Plaintiffs' counsel of record (Stanley D. Saltzman and Marcus J. Bradley of Marlin & Saltzman, LLP and Walter Haines of the United Employees Law Group PC) and a copy of Notice of Removal will be filed with the Clerk of the Court for the Superior Court of the County of Santa Clara, California.

31.     WHEREFORE, having provided notice as required by law, the above-entitled action should be removed from the Santa Clara County Superior Court.

Dated:   June 8, 2011

THEODORA R. LEE
LENA K. SIMS
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendants
STRYKER SALES CORPORATION

Firmwide:102088465.1 028459.1049

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEF'S NOTICE OF REMOVAL OF CIVIL
ACTION                          10.      CASE NO. _____

# EXHIBIT A

1  **MARLIN & SALTZMAN, LLP**
   Stanley D. Saltzman, Esq. (SBN 90058)
2  Marcus J. Bradley, Esq. (SBN 174156)
   Kiley L. Grombacher, Esq. (SBN 245960)
3  29229 Canwood Street, Suite 208
   Agoura Hills, California 91301
4  Telephone:    (818) 991-8080
   Facsimile:    (818) 991-8081
5  ssaltzman@marlinsaltzman.com
   mbradley@marlinsaltzman.com
6  kgrombacher@marlinsaltzman.com

7  **UNITED EMPLOYEES LAW GROUP, PC**
   Walter Haines, Esq. (SBN 71075)
8  110 Pine Avenue, Suite 725
   Long Beach, California   90802
9  Telephone:    (888) 474-7242
   Facsimile:    (866) 435-7471
10 whaines@uelglaw.com

11 Attorneys for Plaintiffs and Proposed Class

12

13         **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

14              **FOR THE COUNTY OF SANTA CLARA**

15 JOHN HOPKINS, BRODY PUCKETT on      )   Case No.:
   behalf of themselves, individually, and all )
16 others similarly situated,                  )   **COMPLAINT**
                                               )
17              Plaintiffs,                    )   1.    FAILURE TO INDEMNIFY AND
                                               )         ILLEGAL WAGE DEDUCTIONS (*Lab.*
18 v.                                          )         *Code* §§226 and 2802)
                                               )   2.    UNFAIR BUSINESS PRACTICES (*Bus.*
19 STRYKER SALES CORPORATION, a             )         *& Prof. Code* §§17200, *et seq.*
   Michigan Corporation; and DOES 1 to        )
20 100, inclusive,                             )
                                               )
21              Defendants.                    )
22

23

24         COMES NOW, Plaintiffs, John Hopkins and Brody Puckett (hereinafter "Plaintiffs"), on behalf

25 of themselves, individually, and all others similarly situated, hereby files this Complaint against

26 Defendants, Stryker Sales Corporation, a Michigan corporation, and DOES 1 to 100, inclusive

27 (hereinafter collectively referred to as "Defendants"). Plaintiffs are informed and believe, and on the

28 basis of that information and belief, allege as follows:

                                         1
                                    **COMPLAINT**

**I**

**INTRODUCTION**

Plaintiffs bring this lawsuit as a class action to recover out-of-pocket expenses, penalties and interest from Defendants for their violations of, *inter alia*, California *Labor Code* §2802, *Bus. & Prof. Code* §§ 17200, *et seq.*, the applicable Wage Order(s) issued by the California Industrial Welfare Commission (hereinafter "IWC Wage Order(s)"), and related common law principles.

1.     This Class Action lawsuit challenges the Defendants' employment practices with respect to its sales representatives employed in the State of California and other similarly-titled employees, primarily in that Defendants failed to properly reimburse and/or indemnify Plaintiffs and Class members for the necessary expenditures or losses incurred by them in direct consequence of the discharge of their duties, or of their obedience to the directions of the employer, *e.g.*, mileage, sales materials, cell phone charges, and the like, in violation of Labor Code §§ 226 and 2802.

2.     The acts complained of herein have occurred within the time period from four (4) years preceding the filing of this Complaint herein, up to and through April 19, 2011 (hereinafter, the "Relevant Time Period").

**II**

**JURISDICTION AND VENUE**

3.     This Court has jurisdiction over this matter pursuant to the provisions of the California *Labor Code*, as well as *Business & Professions Code* § 17200. Venue is proper in Santa Clara County because the conduct alleged herein which gives rise to the claims asserted occurred within Santa Clara County. Specifically, Plaintiff Hopkins worked for Defendants within Santa Clara County, and the wages herein claimed were earned by him in Santa Clara County. Additionally, Plaintiff Puckett worked for Defendant in Chino, California, although, during his tenure he reported to Defendant's San Jose office located within Santa Clara County.

**III**

**PARTIES**

**NAMED PLAINTIFFS**

4.     Plaintiff John Hopkins, is an individual over the age of eighteen (18) years and is now,

2

**COMPLAINT**

1 and/or at all relevant times mentioned in this Complaint was, a resident and domicilliary of the State
2 of California.

3       5.     Plaintiff John Hopkins ("Plaintiff Hopkins") worked as a sales representative for
4 Defendants in California, from January of 2004 until December 2010.

5       6.     Plaintiff Brody Puckett ("Plaintiff Puckett") worked for Defendants from February 2005
6 until November 2009. Initially, Plaintiff Puckett worked for Defendant as a sales associate in Idaho.
7 In or about November 2006 he was transferred to California and was employed in the position of Sales
8 Representative.

9       7.     Plaintiff Hopkins received a W-2 from Defendant each year and was classified as an
10 employee of the company.

11       8.     Plaintiff Puckett also received a W-2 from Defendant each year and was classified as
12 an employee of the company.

13       9.     During each year of his employment, Plaintiff Hopkins incurred thousands of dollars
14 of expenses including, but not limited to, expenses for his car, cell phone, office, computer, and
15 internet. These costs were incurred in direct consequence of the discharge of his duties, however, the
16 costs were not reimbursed by the company.

17       10.     During each year of his employment, Plaintiff Puckett also incurred thousands of dollars
18 of expenses including, but not limited to, expenses for his car, cell phone, office, computer, and
19 internet. These costs were incurred in direct consequence of the discharge of his duties, however, the
20 costs were not reimbursed by the company.

21 **NAMED DEFENDANTS**

22       11.     Plaintiffs are informed and believe, and thereon allege, that Defendant Stryker Sales
23 Corporation ("Stryker") is organized and existing under the laws of the State of Michigan but that,
24 nevertheless, was, for purposes of jurisdiction, actively doing business as a foreign corporation
25 licensed to do business in the State of California, at all times during the Relevant Time Period. Stryker
26 is one of the world's leading medical technology companies.

27       12.     The members of the proposed class are likewise current and former employees of
28 Defendant, employed by Defendant within the State of California as vendors, whose primary job duty

3

**COMPLAINT**

1   is to sell Defendant's products to the medical community.

2   **DOE DEFENDANTS**

3       13.    Plaintiffs are ignorant of the true names, capacities, relationships and extent of

4   participation in the conduct herein alleged of the Defendants sued herein as DOES 1 through 100,

5   inclusive, but on information and belief alleges that said Defendants are in some manner legally

6   responsible for the unlawful actions, policies, and practices alleged herein, and therefore sues such

7   Defendants by such fictitious names. Plaintiffs are informed and believe, and thereon allege that each

8   defendant named herein was the agent of the other, and the agent of all Defendants. Plaintiffs are

9   further informed and believe, and thereon allege, that each defendant was acting within the course and

10  scope of said agency at all relevant times herein, for the benefit of themselves, each other, and the

11  other Defendants, and that each defendant's actions as alleged herein was authorized and ratified by

12  the other Defendants.

13  **ALL DEFENDANTS**

14      14.    Plaintiffs are informed and believe, and thereon allege that the Defendants, and each

15  of them, are now and/or at all time mentioned in this Complaint were in some manner responsible for

16  the events, happenings, and circumstances alleged in this Complaint.

17      15.    Plaintiffs are informed and believe, and thereon allege, that at all times herein

18  mentioned, all Defendants, and each of them, were and are the agents, servants, employees, joint

19  venturers, parents, subsidiaries, and/or partners of each of the other Defendants, and were, at all such

20  times, acting within the course and scope of said employment and/or agency; furthermore, that each

21  and every Defendant herein, while acting as a high corporate officer, director, and/or managing agent,

22  principal and/or employer, expressly directed, consented to, approved, affirmed, and ratified each and

23  every action taken by the other co-Defendants, as herein alleged, and was responsible in whole or in

24  part for the matters referred to herein.

25      16.    Plaintiffs are informed and believe, and thereon allege at all times herein mentioned,

26  Defendants, and each of them, proximately caused Plaintiffs, and all others similarly situated, and the

27  general public to be subjected to the unlawful practices, wrongs, complaints, injuries and/or damages

28  alleged in this Complaint.

**COMPLAINT**

17.     Defendants, and each of them, are now and/or at all times mentioned in this Complaint were members of and/or engaged in a joint venture, partnership, and/or common enterprise, and were acting within the course and scope of, and in pursuit of said joint venture, partnership and common enterprise and, as such were co-employers of the Plaintiffs and the putative class herein.

18.     Defendants, and each of them, at all times mentioned in this Complaint, concurred with, contributed to, approved of, aided and abetted, condoned and/or otherwise ratified the various acts and omissions of each and every one of the other Defendants in proximately causing the injuries and/or damages alleged in this complaint.

## IV

## FACTUAL ALLEGATIONS

19.     Plaintiffs, and the members of the Plaintiff class are employed by Defendant as sales representatives to sell medical devices developed and manufactured by Defendant.

20.     Defendant classifies Plaintiffs and the class members as employees and provides them with a W-2 at the end of each year.

21.     California law requires that the employee be reimbursed for all of his or her employment-related expenses.  California *Labor Code* § 2802(a) provides that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties...."

22.     During the Relevant Time Period, Plaintiffs and the Class members incurred various costs in direct consequence of the discharge of their duties.  These costs include, *inter alia*, phone fees, mileage, travel expenses, office expenses, and office rental.

23.     Despite the clear law requiring reimbursement, during the Relevant Time Period, Defendant's policy was that all business expenses were to be paid by the Sales Representative.

24.     As a result of Defendant's policies and/or practices with respect to reimbursement, Plaintiffs and the putative Class Members are not, and have not been, indemnified for all necessary expenditures or losses incurred in direct consequence of the discharge of their duties.

25.     As a result of Defendant's policies and/or practices, Plaintiffs and the putative Class Members are not, and have not been, indemnified for all necessary expenditures or losses incurred in

5

**COMPLAINT**

1   direct consequence of the discharge of their duties.

2       26.    In February of 2011, Defendant changed its policy regarding reimbursements.

3   Defendant now reimburses its employees for expenses incurred in the discharge of their duties.

4       27.    Plaintiffs also claim herein all penalties permitted by the Labor Code Private Attorneys

5   General Act of 2004 ("PAGA"), *Labor Code* § 2698, *et seq.*  By letter dated April 18, 2011, Plaintiffs

6   gave written notice by certified mail to the Labor and Workforce Development Agency ("LWDA") and

7   Defendants of the specific provisions of the Labor Code alleged to have been violated, including the

8   facts and theories to support the alleged violations.

9                                           V

10                          **CLASS ACTION ALLEGATIONS**

11      28.    Plaintiffs incorporate herein by reference the allegations set forth above in paragraphs

12  1 through 27.

13      29.    Plaintiffs brings this action on behalf of themselves and all others similarly situated as

14  a class action, pursuant to California *Code of Civil Procedure* § 382.  The class which Plaintiffs seek

15  to represent is composed of, and defined as follows:

16              All employees who have been employed or are currently employed by

17              defendant during the Relevant Time Period in California who hold the

18              title of "Sales Representative".

19      30.    The class is so numerous that the individual joinder of all members is impracticable.

20  While the exact number and identification of class members are unknown to Plaintiffs at this time and

21  can only be ascertained through appropriate discovery directed to defendant, Plaintiffs are informed

22  and believes that the class includes at least hundreds of members.

23      31.    Common questions of law and fact exist as to all members of the class which

24  predominate over any questions affecting only individual members of the class.  These common legal

25  and factual questions, which do not vary from class member to class member, and which may be

26  determined without reference to the individual circumstances of any class member, include, but are

27  not limited to, the following:

28          a.    Whether Defendants unlawfully and/or willfully failed to fully indemnify Plaintiffs and

                                          6
                                    **COMPLAINT**

1        Class members for expenditures incurred in direct consequence of the discharge of

2        their duties in violation of *Labor Code* §§ 226 and 2802;

3    b.    Whether Plaintiffs and Class members sustained damages, and if so, the proper

4        measure of such damages, as well as interest, penalties, costs, attorneys' fees, and

5        equitable relief; and,

6    c.    Whether Defendants violated the Unfair Competition Law of California, § 17200, *et*

7        *seq.*, by violating the above-cited provisions, and treating Plaintiffs and Class members

8        unfairly by failing to pay all wages due and for all hours worked, failing to indemnify,

9        depriving them of meal and rest breaks and failing to provide and pay for missed

10      breaks, failing to pay wages upon termination, failing to furnish an accurate, itemized

11      wage statement upon payment of wages and failing to pay all compensation due upon

12      discharge.

13    32.    The claims of the named Plaintiffs are typical of the claims of the members of the

14 proposed class. Plaintiffs and other class members sustained losses, injuries and damages arising from

15 Defendant's common policies, practices, procedures, protocols, routines, and rules which were applied

16 to other class members as well as Plaintiffs. Plaintiffs seek recovery for the same type of losses,

17 injuries, and damages as were suffered by other members of the proposed class.

18    33.    Plaintiff Hopkins is an adequate representative of the class because he is a member of

19 the class and his interests do not conflict with the interests of the members he seeks to represent.

20 Plaintiff Hopkins has retained competent counsel, experienced in the prosecution of complex class

21 actions, and together Plaintiff Hopkins and his counsel intend to prosecute this action vigorously for

22 the benefit of the class. The interests of the class members will fairly and adequately be protected by

23 Plaintiff Hopkins and his attorneys.

24    34.    Plaintiff Puckett is an adequate representative of the class because he is a member of

25 the class and his interests do not conflict with the interests of the members he seeks to represent.

26 Plaintiff Puckett has retained competent counsel, experienced in the prosecution of complex class

27 actions, and together Plaintiff Puckett and his counsel intend to prosecute this action vigorously for

28 the benefit of the class. The interests of the class members will fairly and adequately be protected by

**COMPLAINT**

1  Plaintiff Puckett and his attorneys.

2      35.    A class action is superior to other available methods for the fair and efficient

3  adjudication of this litigation since individual litigation of the claims of all class members is

4  impracticable. It would be unduly burdensome to the courts if these matters were to proceed on an

5  individual basis, because this would potentially result in hundreds of individual, repetitive lawsuits.

6  Individual litigation presents the potential for inconsistent or contradictory judgments, and the prospect

7  of a "race to the courthouse," and an inequitable allocation of recovery among those with equally

8  meritorious claims. By contrast, the class action device presents far fewer management difficulties

9  and provides the benefit of a single adjudication, economics of scale, and comprehensive supervision

10 by a single court.

11     36.    The various claims asserted in this action are additionally or alternatively certifiable

12 under the provisions of the California *Code of Civil Procedure* § 382 because:

13     a.    The prosecution of separate actions by hundreds of individual class members would

14         create a risk or varying adjudications with respect to individual class members, thus

15         establishing incompatible standards of conduct for Defendant, and

16     b.    The prosecution of separate actions by individual class members would also create the

17         risk of adjudications with respect to them that, as a practical matter, would be

18         dispositive of the interest of the other class members who are not a party to such

19         adjudications and would substantially impair or impede the ability of such non-party

20         class members to protect their interests.

21                     **FIRST CAUSE OF ACTION**

22            **FAILURE TO INDEMNIFY IN VIOLATION OF**

23           **CAL. LABOR CODE SECTIONS 226 AND 2802**

24      (Against All Defendants On behalf of Plaintiffs and the Plaintiff Class)

25     37.    Plaintiffs hereby reallege, and incorporate by reference as though set fully forth herein,

26 the allegations contained in paragraphs 1 through 36. This cause of action is pled against all

27 Defendants.

28     38.    Pursuant to *Labor Code* § 2802, an employer shall indemnify his or her employee for

1  all necessary expenditure or losses incurred by the employee in direct consequence of the discharge
2  of his or her duties.

3      39.    Defendants' actions in requiring employees to expend monies in direct consequence of
4  the discharge of their duties, but failing to fully indemnify and reimburse them for those expenses, are
5  unlawful under the laws and regulations of the State of California.

6      40.    During the four (4) years preceding the filing of this Complaint, Defendants have
7  wrongfully withheld indemnification from the expenses incurred by Plaintiffs and Class members.

8      41.    In violation of California law, Defendants have knowingly and willfully refused to
9  perform their obligations to indemnify and reimburse Plaintiffs and Class members. As a direct result,
10 Plaintiffs and Class members have suffered, and continue to suffer, substantial losses related to the use
11 and enjoyment of such moneys, lost interest on such moneys, and expenses and attorneys' fees in
12 seeking to compel Defendants to fully perform their obligation under state law, all to their respective
13 damage in amounts according to proof at time of trial.

14     42.    Defendants committed the acts alleged herein knowingly and willfully, with the
15 wrongful and deliberate intention of injuring Plaintiffs and Class members, from improper motives
16 amounting to malice, and in conscious disregard of Plaintiffs' rights and the rights of Class members.
17 Plaintiffs and Class members are thus entitled to recover nominal, actual, compensatory, punitive, and
18 exemplary damages in amounts according to proof at time of trial.

19     43.    Defendants' conduct described herein violates *Labor Code* §§ 226 and 2802. As a
20 proximate result of the aforementioned violations, Plaintiffs and Class members have been damaged
21 in an amount according to proof at time of trial. Therefore, pursuant to *Labor Code* §§ 200, 203, 226,
22 and 2802, Plaintiffs and Class members are entitled to recover the unpaid balance of expenditures
23 Defendants owe to them, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

9

**COMPLAINT**

**SECOND CAUSE OF ACTION**

**VIOLATIONS OF CALIFORNIA**

**BUSINESS AND PROFESSIONS CODE SECTION 17200,** *et seq.*

(Against All Defendants On behalf of Plaintiffs and the Plaintiff Class)

44.     Plaintiffs hereby reallege, and incorporate by reference as though set fully herein, the allegations contained in paragraphs 1 through 43.  This cause of action is pled against all Defendants.

45.     Defendants' acts in violation of the statutes and regulations as set forth in this Complaint constitute unfair and unlawful business practices under *Business and Professions Code* § 17200, *et seq.*

46.     Defendants' violations of California wage and hour laws and illegal practices and payment policies constitute a "business practice" because they were done repeatedly over a significant period of time, and in a systematic manner to the detriment of Plaintiffs and Class members.

47.     For the four (4) years preceding the filing of this action, Plaintiffs and Class members have suffered damages and request restitution of all monies and profits to be disgorged from Defendants in an amount according to proof at the time of trial.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs and Class members pray for judgment as follows:

A.     An order that the action be certified as a class action;

B.     An order that Plaintiffs be appointed class representatives;

C.     An order that counsel for Plaintiffs be appointed class counsel;

D.     For nominal damages;

E.     For compensatory damages;

F.     For restitution of all monies due to Plaintiffs and Class members, and disgorged profits from the unlawful business practice of Defendants;

G.     For all penalties permitted by the Labor Code Private Attorneys General Act of (PAGA -- *Labor Code* § 2698, *et seq.*);

H.     For costs of suit and expenses incurred herein pursuant to *Labor Code* § 226;

I.     For reasonable attorneys' fees pursuant to Labor Code § 226; and,

10

**COMPLAINT**

1    J.    For all such other and further relief that the Court may deem just and proper.

2

3   DATED:   April 18, 2011                    MARLIN & SALTZMAN, LLP
                                               UNITED EMPLOYEES LAW GROUP, PC
4

5
                                        By: _____
6                                              Kiley L. Grombacher, Esq.
                                               of Marlin & Saltzman, LLP
7                                              Attorneys for Plaintiffs

8

9

10                          **JURY DEMAND**

11        Plaintiffs, on behalf of themselves and all other similarly situated, hereby demand a trial by jury

12   in this case.

13

14   DATED:   April 18, 2011                    MARLIN & SALTZMAN, LLP
                                               UNITED EMPLOYEES LAW GROUP, PC
15

16
                                        By: _____
17                                             Kiley L. Grombacher, Esq.
                                               of Marlin & Saltzman, LLP
18                                             Attorneys for Plaintiffs

19

20

21

22

23

24

25

26

27

28

---

11

**COMPLAINT**

# EXHIBIT B

*5-10-11*
*2:55pm*

## SUMMONS
### (CITACION JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:** STRYKER SALES CORPORATION, a
*(AVISO AL DEMANDADO):* Michigan Corporation; and DOES 1
to 100, inclusive

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

ENDORSED

2011 APR 20  P 2: 43

David H. Yamasaki, Chief Exec. Officer/Clerk of the Superior Court
County of Santa Clara, California
By_____
Deputy Clerk

**YOU ARE BEING SUED BY PLAINTIFF:** JOHN HOPKINS, BRODY
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* PUCKETT, on behalf
of themselves, individually, and all others similarly
situated

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SANTA CLARA COUNTY SUPERIOR COURT
191 N. First Street
191 N. First Street
San Jose, CA  95113

CASE NUMBER:
*(Número del Caso):*
111CV199300

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Stanley D. Saltzman, Esq. (SBN 90058)         (818) 991-8080  (818) 991-8081
Kiley L. Grombacher, Esq. (SBN 245960)
MARLIN & SALTZMAN, LLP
29229 Canwood Street, Suite 208, Agoura Hills, CA  91301

DATE: **APR 2 0 2011**                         Clerk, by _____, Deputy
*(Fecha)*                                        *(Secretario)*                *(Adjunto)*
C. Duarte

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Stryker Sales Corporation, a Michigan Corporation
   under:  ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

# EXHIBIT C

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Stanley D. Saltzman, Esq. (SBN 90058)<br>Kiley L. Grombacher, Esq. (SBN 245960)<br>MARLIN & SALTZMAN, LLP<br>29229 Canwood Street, Suite 208<br>Agoura Hills, CA 91301<br>TELEPHONE NO: (818) 991-8080   FAX NO.: (818) 991-8081<br>ATTORNEY FOR (Name): Plaintiffs | ENDORSED<br>2011 APR 20  P 42 43<br>David H. Yamasaki, Clerk of the Superior Court<br>County of Santa Clara, California<br>By: _____ Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
STREET ADDRESS: 191 N. First Street
MAILING ADDRESS: 191 N. First Street
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME: DOWNTOWN BRANCH

CASE NAME: HOPKINS v. STRYKER

| CIVIL CASE COVER SHEET<br>[X] Unlimited   [ ] Limited<br>(Amount   (Amount<br>demanded   demanded is<br>exceeds $25,000)  $25,000 or less) | Complex Case Designation<br>[ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>111CV199366<br>JUDGE:<br>DEPT: |
|---|---|---|

Items 1-6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400-3.403) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint (not specified above) (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition (not specified above) (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [X] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [X] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [X] Large number of witnesses
   b. [X] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve          in other counties, states, or countries, or in a federal court
   c. [X] Substantial amount of documentary evidence        f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief  c. [X] punitive
4. Number of causes of action (specify): two (2)
5. This case [X] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)
Date: April 19, 2011

Kiley L. Grombacher, Esq.
(TYPE OR PRINT NAME)                                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Legal<br>Solutions<br>Plus | Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10 |
|---|---|---|---|

# EXHIBIT D

**ATTACHMENT CV-5012**

## CIVIL LAWSUIT NOTICE

**Superior Court of California, County of Santa Clara**
**191 N. First St., San Jose, CA  95113**

CASE NUMBER: **111CV199371**
*6 6*
(per clerk)

### PLEASE READ THIS ENTIRE FORM

*PLAINTIFF* (the person suing):  Within 60 days after filing the lawsuit, you must serve each Defendant with the *Complaint, Summons*, an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

---

*DEFENDANT* (The person sued):  **You must do each of the following to protect your rights:**

1. **You must file a written response** to the *Complaint, using the proper legal form or format*, in the Clerk's Office of the Court, within **30 days** of the date you were served with the *Summons* and *Complaint*;
2. **You must serve by mail** a copy of your written response on the  Plaintiff's attorney or on the Plaintiff if Plaintiff has no attorney (to "serve by mail" means to have an adult other than yourself mail a copy); and
3. **You must attend the first Case Management Conference.**

**Warning: If you, as the Defendant, do not follow these instructions,**
**you may automatically lose this case.**

---

*RULES AND FORMS:*  You must follow the California Rules of Court and the Superior Court of California, County of Santa Clara Local Civil Rules and use proper forms.  You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2926), www.scselfservice.org (Select "Civil") or from:

- State Rules and Judicial Council Forms:  www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms:  http://www.sccsuperiorcourt.org/civil/rule1toc.htm

*CASE MANAGEMENT CONFERENCE (CMC):*  You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC.  You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

**You or your attorney must appear at the CMC.  You may ask to appear by telephone – see Local Civil Rule 8.**

---

*Your Case Management Judge is:* __Honorable James Kleinberg_____   *Department:* __1____

*The 1st CMC is scheduled for:* (Completed by Clerk of Court)

   *Date:* 4—16—11____   *Time:* 10:00AM  in Department: 1_____

*The next CMC is scheduled for:* (Completed by party if the 1st CMC was continued or has passed)

   *Date:* _____   *Time:* _____  in Department:_____

---

*ALTERNATIVE DISPUTE RESOLUTION (ADR):*  If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

*WARNING:*  Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

# EXHIBIT E

6-2-11
2:55pm

**E-FILED**
May 18, 2011 11:15 AM
David H. Yamasaki
Chief Executive Officer/Clerk
Superior Court of CA, County of Santa Clara
Case #1-11-CV-199366 Filing #G-32006
By R. Walker, Deputy

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SANTA CLARA

| | |
|---|---|
| JOHN HOPKINS, BRODY PUCKETT, on behalf of themselves, individually, and on all others similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>STRYKER SALES CORPORATION, a Michigan corporation; and DOES 1 to 100, inclusive,<br><br>    Defendants. | Case No.: 1-11-CV-199366<br><br>**ORDER DEEMING CASE COMPLEX**<br><br>**Complaint Filed:  April 20, 2011**<br><br>Judge:  Hon. James P. Kleinberg<br>Dept:   1 (Complex Civil Litigation) |

WHEREAS, the Complaint was filed by Plaintiffs JOHN HOPKINS and BRODY PUCKETT (hereinafter collectively referred to as "Plaintiffs") in the Santa Clara County Superior Court on April 20, 2011 and the matter was assigned to Department 1 (Complex Civil Litigation), the Honorable James P. Kleinberg presiding, pending a ruling on the complexity issue;

E-FILED: May 18, 2011 11:15 AM, Superior Court of CA, County of Santa Clara, Case #1-11-CV-199366 Filing #G-32006

IT IS HEREBY ORDERED that:

The Court determines that the above-referenced case is **COMPLEX** within the meaning of California Rules of Court 3.400. The matter remains assigned, for all purposes, including discovery and trial, to Department 1 (Complex Civil Litigation), the Honorable James P. Kleinberg presiding.

The parties are directed to the Electronic Filing and Service Standing Order and to the Guidelines for the Complex Civil Litigation Department, copies of which may be downloaded from www.scefiling.org.

All parties are hereinafter ordered to submit to the Court's E-Filing website digital copies of all documents that were previously manually filed prior to the entry of this Order.

Pursuant to California Rules of Court, Rule 3.254, the creation and maintenance of the Master Service List shall be under the auspices of (1) Plaintiff JOHN HOPKINS, as the first-named party in the Complaint, and (2) the first-named party in each Cross-Complaint, if any.

Pursuant to Government Code section 70616(c), each party's complex case fee is due within ten (10) calendar days of this date.

Plaintiff shall serve a copy of this Order on all parties forthwith and file a proof of service within seven (7) days of service.

Any party objecting to the complex designation must file an objection and proof of service within ten (10) days of service of this Order. Any response to the objection must be filed within seven (7) days of service of the objection. The Court will make its ruling on the submitted pleadings.

The Case Management Conference is rescheduled from September 16, 2011 to **September 23, 2011 at 10:00 a.m. in Department 1** and all counsel are ordered to attend in person.

Counsel for all parties are ordered to meet and confer in person at least 15 days prior to the First Case Management Conference and discuss the following issues:

1. Issues related to recusal or disqualification;

*Hopkins, et al. v. Stryker Sales Corporation*
*Santa Clara County Superior Court, Case No. 1-11-CV-199366*
*Order Deeming Case Complex*

2

E-FILED: May 18, 2011 11:15 AM, Superior Court of CA, County of Santa Clara, Case #1-11-CV-199366 Filing #G-32006

2. Issues of law that, if considered by the Court, may simplify or further resolution of the case, including issues regarding choice of law;

3. Appropriate alternative dispute resolution (ADR), for example, mediation, mandatory settlement conference, arbitration, mini-trial;

4. A plan for preservation of evidence and a uniform system for identification of documents throughout the course of this litigation;

5. A plan for document disclosure/production and additional discovery; which will generally be conducted under court supervision and by court order;

6. Whether it is advisable to address discovery in phases so that information needed to conduct meaningful ADR is obtained early in the case (counsel should consider whether they will stipulated to limited merits discovery in advance of certification proceedings), allowing the option to complete discovery if ADR efforts are unsuccessful;

7. Any issues involving the protection of evidence and confidentiality;

8. The handling of any potential publicity issues;

Counsel for Plaintiff is to take the lead in preparing a Joint Case Management Conference Statement to be filed five court days prior to the First Case Management Conference, and include the following:

1. A Statement as to whether additional parties are likely to be added and a proposed date by which all parties must be served;

2. Service lists identifying all primary and secondary counsel, firm names, addresses, telephone numbers, email addresses and fax numbers for all counsel;

3. A description of all discovery completed to date and any outstanding discovery as of the date of the conference;

4. Applicability and enforceability of arbitration clauses, if any;

*Hopkins, et al. v. Stryker Sales Corporation*
*Santa Clara County Superior Court, Case No. 1-11-CV-199366*
*Order Deeming Case Complex*

3

E-FILED: May 18, 2011 11:15 AM, Superior Court of CA, County of Santa Clara, Case #1-11-CV-199366 Filing #G-32006

5. A list of all related litigation pending in other courts, including Federal Court, and a brief description of any such litigation, and a statement as to whether any additional related litigation is anticipated (CRC 3.300);

6. A description of factual and legal issues – the parties should address any specific contract provisions the interpretation of which may assist in resolution of significant issues in the case;

7. The parties' tentative views on an ADR mechanism and how such mechanism might be integrated into the course of the litigation;

8. Whether discovery should be conducted in phases or limited; and if so, the order of phasing or types of limitations of discovery. If this is a class action lawsuit, the parties should address the issue of limited merits discovery in advance of class certification motions.

To the extent the parties are unable to agree on the matters to be addressed in the Joint Case Management Conference Statement, the positions of each party or of various parties should be set forth separately and attached to this report as addenda. The parties are encouraged to propose, either jointly or separately, any approaches to case management they believe will promote the fair and efficient handling of this case. The Court is particularly interested in identifying potentially dispositive or significant threshold issues the early resolution of which may assist in moving the case toward effective ADR and/or a final disposition.

If this is a class action lawsuit, a copy of the Court's Guidelines for Motions relating to Class Certification is attached to this Order. The Court may set a briefing schedule for Plaintiff's class certification motion at the time of the conference.

Pending further order of this Court, the service of discovery and the obligation to respond to any outstanding discovery is stayed. However, Defendant(s) shall file a Notice of Appearance for purposes of identification of counsel and preparation of a service list. The filing of such a Notice of Appearance shall be without prejudice to the later filing of a motion to

*Hopkins, et al. v. Stryker Sales Corporation*
*Santa Clara County Superior Court, Case No. 1-11-CV-199366*
*Order Deeming Case Complex*

4

E-FILED: May 18, 2011 11:15 AM, Superior Court of CA, County of Santa Clara, Case #1-11-CV-199366 Filing #G-32005

1  quash to contest jurisdiction.  Parties shall not file or serve responsive pleadings, including

2  motions to strike, demurrers, motions for change of venue and cross-complaints until a date is

3  set at the First Case Management Conference for such filings and hearings.

4       This Order is issued to assist the Court and the parties in the management of this

5  "Complex" case through the development of an orderly schedule for briefing and hearings.

6  This Order shall not preclude the parties from continuing to informally exchange documents

7  that may assist in their initial evaluation of the issues presented in this Case.

8       Plaintiff shall serve a copy of this Order on all the parties in this matter forthwith.

9       SO ORDERED.

10

11  Dated:  __5/16/11__

12                                  Honorable James P. Kleinberg

                                        Judge of the Superior Court

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Hopkins, et al. v. Stryker Sales Corporation*
*Santa Clara County Superior Court, Case No. 1-11-CV-199366*
*Order Deeming Case Complex*

                             5

## GUIDELINES FOR MOTIONS RELATING TO CLASS CERTIFICATION

## DEPARTMENT 1 – COMPLEX CIVIL LITIGATION

The party moving for or against class certification must present in the moving papers admissible evidence, as required by applicable law, establishing that the elements for certification are, or are not, present.

All facts other than purely rebuttal matters upon which the moving party will rely in the hearing must be set out in evidence submitted with the notice of motion and moving papers.

Each party should address all elements relevant to deciding the appropriateness of class certification. The list of elements set forth below is offered by the Court as a general summary and is not intended to supplant substantive law.

1. Commonality and Predominance
   a. The class definition, including a statement of criteria that putative class members must possess to be eligible for class membership
   b. A description/definition of proposed subclasses, if any
   c. Those issues of law which are common to all class members
   d. Those issues of law which are unique to one or more class members but which must be presented at trial. In describing these unique issues of law, the segments of the class to which they are applicable should be described with a statement of the number within the class to whom each unique issue applies
   e. Whether, and if so how, common issues of law predominate
   f. Those issues of fact which are common to all class members
   g. Those issues of fact which are unique to one ore more class members but which must be presented at trial. In describing these unique issues of fact, the segments of the class to which they are applicable should be described with a statement of the number within the class to whom each unique issue applies
   h. Whether, and if so how, common issues of fact predominate
   i. Conflicts, if any, between class members
2. Ascertainability
   a. The manner in which and the time when the individual class members will be identified if such identification is contemplated
3. Numerosity
   a. The approximate number of persons in the class, and if there are subclasses, the approximate number of persons in each subclass
   b. The basis for the above approximations
   c. The general geographic location[s] of the class members. If the class is not confined to the state of California, the description should include those locations outside California where class members are located
   d. Whether, and if so why, joinder is impracticable
4. Typicality
   a. Why the claims and status of each of the proposed class representative[s] are typical of those of the proposed class or of the proposed subclass

    b. Factual and/or legal differences, if any, in the representative's status as a class member and those of any other persons within the class. If there are subclasses, a factual statement of the subclass of which the representative is a member

    c. Unique legal and/or factual issues, if any, pertaining to the representative[s] which must be litigated

    d. Conflicts, if any, between the class representative[s] and the class members

5. Adequacy

    a. The adequacy of class counsel, including the ability of class counsel to represent class members with conflicting claims or interest

    b. The adequacy of the class representative[s], including the ability of the class representative[s] to serve as fiduciaries for class members with conflicting or inconsistent claims or interests

    c. The issues of law and/or fact which must be litigated between class members

6. Substantial Benefits/Superiority

    a. Procedures alternative to a class action which might be used to adjudicate the issues involved in the action

    b. Why a class action is, or is not, procedurally superior to each alternative procedure, unless superiority is not an element of certifying that cause of action, including a discussion of the ability of the Court to manage the alternative proceedings in relation to its ability to manage the conduct of the class action

    c. Whether there are substantial benefits to the Court, the parties, and/or the public to proceeding as a class action

7. Notice

    a. Counsel requesting class certification should provide specifics regarding necessary notice to class members and the methods proposed for giving notice.

THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
ELECTRONIC FILING - WWW.SCEFILING.ORG
c/o Glotrans
2915 McClure Street
Oakland, CA 94609
TEL: (510) 208-4775
FAX: (510) 465-7348
EMAIL: Info@Glotrans.com



E-FILED
May 18, 2011 11:15 AM
David H. Yamasaki
Chief Executive Officer/Clerk
Superior Court of CA, County of Santa Clara
Case #1-11-CV-199366 Filing #G-32006
By R. Walker, Deputy

THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SANTA CLARA

JOHN HOPKINS, BRODY PUCKETT, on behalf of themselves, individually, and on all others similarly situated, Plaintiff,

Plaintiff,

vs.

STRYKER SALES CORPORATION, a Michigan corporation; and DOES 1 to 100, inclusive, Defendants.

Defendant.

AND RELATED ACTIONS

Hopkins, et al. v. Stryker Sales Corporation

Lead Case No.1-11-CV-199366

Hon. James P. Kleinberg

PROOF OF SERVICE
Electronic Proof of Service

I am employed in the County of Alameda, State of California.

I am over the age of 18 and not a party to the within action; my business address is 2915 McClure Street, Oakland, CA 94609.

The documents described on page 2 of this Electronic Proof of Service were submitted via the worldwide web on Wed. May 18, 2011 at 11:15 AM PDT and served by electronic mail notification.

I have reviewed the Court's Order Concerning Electronic Filing and Service of Pleading Documents and am readily familiar with the contents of said Order. Under the terms of said Order, I certify the above-described document's electronic service in the following manner:

The document was electronically filed on the Court's website, http://www.scefiling.org, on Wed. May 18, 2011 at 11:15 AM PDT

Upon approval of the document by the Court, an electronic mail message was transmitted to all parties on the electronic service list maintained for this case. The message identified the document and provided instructions for accessing the document on the worldwide web.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on May 18, 2011 at Oakland, California.

Dated: May 18, 2011

For WWW.SCEFILING.ORG

Andy Jamieson

E-FILED: May 18, 2011 11:15 AM, Superior Court of CA, County of Santa Clara, Case #1-11-CV-199366 Filing #G-32006

**THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA**
**ELECTRONIC FILING SYSTEM - WWW.SCEFILING.ORG**

**Electronic Proof of Service**
**Page 2**

**Document(s) submitted by Rowena Walker of Santa Clara County Superior Court on Wed. May 18, 2011 at 11:15 AM PDT**

1. Order Deeming Case Complex - No Fee (for Court use only): signed by Judge James P. Kleinberg

# EXHIBIT F

1  THEODORA R. LEE, Bar No. 129892
   LITTLER MENDELSON
2  A Professional Corporation
   650 California Street, 20th Floor
3  San Francisco, CA  94108.2693
   Telephone:   415.433.1940
4  Fax No.:      415.399.8490

5  LENA K. SIMS, Bar No. 212904
   LITTLER MENDELSON
6  A Professional Corporation
   900 W. Broadway, Suite 900
7  San Diego, CA  92101.3577
   Telephone:   619.232.0441
8  Fax No.:      619.232.4302

9  Attorneys for Defendant
   STRYKER SALES CORPORATION
10

**E-FILED**

Jun 6, 2011 2:57 PM
David H. Yamasaki
Chief Executive Officer/Clerk
Superior Court of CA, County of Santa Clara
Case #1-11-CV-199366 Filing #G-32441
By M. Huerta, Deputy

11              SUPERIOR COURT OF CALIFORNIA

12                 COUNTY OF SANTA CLARA

13  JOHN HOPKINS, BRODY PUCKETT, on        Case No.  111CV199366
    behalf of themselves, individually, and all
14  others similarly situated,,             **DEFENDANT STRYKER SALES
                                            CORPORATION'S ANSWER TO
15                 Plaintiffs,              PLAINTIFF'S COMPLAINT**

16        v.

17  STRYKER SALES CORPORATION, a
    Michigan Corporation; and DOES 1 to 100,
18  inclusive,

19                 Defendants.

20

21        Defendant  STRYKER  SALES  CORPORATION  ("Defendant"),  through  the

22  undersigned counsel, hereby answers Plaintiffs JOHN HOPKINS and BRODY PUCKETT's

23  ("Plaintiffs") Complaint ("Complaint") as follows:

24                              I.

25                      **GENERAL DENIAL**

26        Pursuant to the provision of the California Code of Civil Procedure section 431.30(d),

27  Defendant denies generally and specifically each and every allegation contained in the Complaint as

28  alleged against Defendant.   In addition, Defendant denies that Plaintiffs have sustained, or will

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DEF STRYKER SALES CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT (Case No. 111CV199366)

E FILED: Jun 6, 2011 2:57 PM, Superior Court of CA, County of Santa Clara, Case #1-11-CV-199366 Filing #G-32441

1   sustain, any loss or damage in the manner or amount alleged, or otherwise, by reason of any act or

2   omission, or any other conduct or absence thereof or the part of Defendant.

3                                    **II.**

4                  **AFFIRMATIVE DEFENSES AND DEFENSES**

5          Defendant states the following as separate affirmative defenses to Plaintiffs'

6   Complaint:

7          1.     AS AND FOR A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE TO

8   EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendant

9   alleges that the Complaint, and each and every cause of action contained therein, fails to properly

10  state a claim upon which relief can be granted against Defendant.

11         2.     AS AND FOR A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE

12  TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendant

13  alleges that all or portions of Plaintiffs' claims are barred by the applicable statute of limitations,

14  including, but not limited to, California Business and Professions Code section 17208 and California

15  Code of Civil Procedure sections 338, 340, and 343, and the limitations set forth in Labor Code

16  section 203.

17         3.     AS AND FOR A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE TO

18  EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendant

19  alleges that Plaintiffs' claims under the California Labor Code, including Labor Code section 226

20  are barred because Plaintiffs lack a private right of action to bring suit under that statute.

21         4.     AS AND FOR A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE

22  TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendant

23  alleges that Plaintiffs' claims are barred by the doctrine of estoppel.

24         5.     AS AND FOR A FIFTH , SEPARATE AND AFFIRMATIVE DEFENSE TO

25  EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendant

26  alleges that all or portions of Plaintiffs' claims are barred by the doctrine of laches.

27         6.     AS AND FOR A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE TO

28  EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendant

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

                                    2.

DEF STRYKER SALES CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT (Case No. 111CV199366)

E-FILED: Jun 6, 2011 2:57 PM, Superior Court of CA, County of Santa Clara, Case #1-11-CV-199366 Filing #G-32441

1   alleges that all or portions of Plaintiffs' claims are barred by the doctrine of unclean hands.

2          7.     AS AND FOR A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE

3   TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendant

4   alleges that all or portions of Plaintiffs' claims are barred by the doctrine of avoidable consequences

5   because Plaintiffs unreasonably failed to use the preventative and corrective opportunities provided

6   to them, and the reasonable use of those procedures would have prevented at least some, if not all, of

7   the harm Plaintiffs allegedly suffered.

8          8.     AS AND FOR AN EIGHTH , SEPARATE AND AFFIRMATIVE DEFENSE

9   TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendant

10  alleges that Plaintiffs' claims are barred by the doctrine of unjust enrichment.

11         9.     AS AND FOR A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE TO

12  EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendant

13  alleges that its business actions or practices were not "unfair" within the meaning of California

14  Business and Professions Code § 17200 et seq.

15        10.     AS AND FOR TENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO

16  EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendant

17  alleges that its business actions or practices were not "unlawful" within the meaning of California

18  Business and Professions Code § 17200 et seq.

19        11.     AS AND FOR AN ELEVENTH, SEPARATE AND AFFIRMATIVE

20  DEFENSE TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT,

21  Defendant alleges that its business actions or practices were not "harmful" within the meaning of

22  California Business and Professions Code § 17200 et seq.

23        12.     AS AND FOR A TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE

24  TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendant

25  alleges that its business actions or practices were not "fraudulent" or "deceptive" within the meaning

26  of California Business and Professions Code § 17200 et seq.

27        13.     AS AND FOR A THIRTEENTH, SEPARATE AND AFFIRMATIVE

28  DEFENSE TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT,

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

3.

E-FILED: Jun 6, 2011 2:57 PM, Superior Court of CA, County of Santa Clara, Case #1-11-CV-199366 Filing #G-32441

1    Defendant alleges that Plaintiffs' claims for recovery pursuant to California Business and

2    Professions Code section 17200 et seq. are barred with respect to penalties of any nature.

3            14.    AS AND FOR A FOURTEENTH, SEPARATE AND AFFIRMATIVE

4    DEFENSE TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT,

5    Defendant alleges that the Complaint and each cause of action therein, or some of them, are barred

6    because the provisions of the California Labor Code are unconstitutionally vague and ambiguous

7    and violate Defendant's rights under the United States and California Constitutions to, among other

8    things, due process of law.

9            15.    AS AND FOR A FIFTEENTH, SEPARATE AND AFFIRMATIVE

10   DEFENSE TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT,

11   Defendant alleges that, to the extent Plaintiffs seeks statutory or other penalties, such claims must

12   comport with the due process requirements of *State Farm v. Campbell*, 538 U.S. 408 (2003) and

13   *Simon v. San Paolo U.S. Holding Co., Inc.* 35 Cal.4th 1159 (2005).

14           16.    AS AND FOR A SIXTEENTH, SEPARATE AND AFFIRMATIVE

15   DEFENSE TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT,

16   Defendant alleges that Plaintiffs' prayers for restitution, disgorgement, or equitable relief under

17   California Business and Professions Code section 17200 et seq. are barred with respect to any

18   alleged violations that have discontinued, ceased, or are not likely to recur.

19           17.    AS AND FOR A SEVENTEENTH, SEPARATE AND AFFIRMATIVE

20   DEFENSE TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT,

21   Defendant alleges that Plaintiffs' claims are barred in whole or in part because Plaintiffs' alleged

22   injuries were not proximately caused by any unlawful policy, custom, practice or procedure

23   promulgated or tolerated by Defendant.

24           18.    AS AND FOR A EIGHTEENTH, SEPARATE AND AFFIRMATIVE

25   DEFENSE TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT,

26   Defendant alleges that, even assuming arguendo that Defendant violated a statute in the California

27   Labor Code or California Business & Professions Code, any such violation was the result of an act

28   or omission in good faith, and Defendant had reasonable grounds for believing such act or omission

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108-2693
415.433.1940

4.

DEF STRYKER SALES CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT (Case No. 111CV199366)

E-FILED: Jun 6, 2011 2:57 PM, Superior Court of CA, County of Santa Clara, Case #1-11-CV-199366 Filing #G-32441

1   was not a violation of any statute, order, regulation or contractual policy.

2         19.   AS AND FOR AN NINETEENTH, SEPARATE AND AFFIRMATIVE

3   DEFENSE TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT,

4   Defendant alleges that the Complaint fails to properly state a claim for prejudgment interest, as the

5   damages claimed are not sufficiently certain to support an award of prejudgment interest.

6         20.   AS AND FOR A TWENTIETH, SEPARATE AND AFFIRMATIVE

7   DEFENSE TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT,

8   Defendant alleges that the Complaint fails to properly state a claim for recovery of costs and

9   attorney's fees under California Labor Code sections 218.5, 226(e), or 2802, or any other basis.

10        21.   AS AND FOR A TWENTY-FIRST, SEPARATE AND AFFIRMATIVE

11   DEFENSE TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT,

12   Defendant alleges that the Complaint fails to properly state a claim for recovery of compensatory

13   damages based upon wages due and owing, restitution, disgorgement, or any other basis.

14        22.   AS AND FOR A TWENTY-SECOND, SEPARATE AND AFFIRMATIVE

15   DEFENSE TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT,

16   Defendant alleges that this suit may not be properly maintained as a class action because: (a)

17   Plaintiffs cannot establish the necessary procedural elements for, class treatment; (b) a class action is

18   not an appropriate method for the fair and efficient adjudication of the claims described in the

19   Complaint; (c) common issues of fact or law do not predominate; to the contrary, individual issues

20   predominate; (d) Plaintiffs' claims are not representative or typical of the claims of the putative

21   class; (e) Plaintiffs and alleged putative class counsel are not adequate representatives for the alleged

22   putative class; (f) Plaintiffs cannot satisfy any of the requirements for class action treatment, and

23   class action treatment is neither appropriate nor constitutional; (g) a class action is not the superior

24   means to litigate and try this case; and (h) the alleged putative class is not ascertainable, nor are its

25   members identifiable.

26        23.   AS AND FOR A TWENTY-THIRD, SEPARATE AND AFFIRMATIVE

27   DEFENSE TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT,

28   Defendant alleges that the adjudication of the claims of the putative class through generalized class-

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

E-FILED: Jun 6, 2011 2:57 PM, Superior Court of CA, County of Santa Clara, Case #1-11-CV-199366 Filing #G-32441

1    wide proof would violate Defendant's rights to trial by jury under the United States Constitution and

2    the California Constitution.

3          24.    AS AND FOR A TWENTY-FOURTH, SEPARATE AND AFFIRMATIVE

4    DEFENSE TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT,

5    Defendant alleges that the claims of Plaintiffs and the putative class members they seek to represent

6    are misjoined, as their rights to recover require individual analysis, do not present a predominance of

7    common questions of law or fact, and are unsuited for determination on a class or representative

8    basis, neither of which is a superior means of adjudicating their claims.

9          25.    AS AND FOR A TWENTY-FIFTH, SEPARATE AND AFFIRMATIVE

10    DEFENSE TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT,

11    Defendant alleges that Plaintiffs' Complaint and each purported cause of action therein, or some of

12    them, are barred because Plaintiffs lack standing as a representative of the proposed class and as

13    representative of the group of allegedly similarly situated individuals she seeks to represent, and do

14    not adequately represent the putative class members or other employees of Defendant.

15          26.    AS AND FOR A TWENTY-SIXTH, SEPARATE AND AFFIRMATIVE

16    DEFENSE TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT,

17    Defendant alleges that prosecution of this action by Plaintiffs and the putative class members as a

18    class action or as a representative action under Business and Professions Code Section 17200, et.

19    seq., as applied to the facts and circumstances of this case, would constitute a denial of Defendant's

20    substantive and procedural due process rights under the Fourteenth Amendment of the United States

21    Constitution and under the Constitution and laws of the State of California.

22          27.    AS AND FOR A TWENTY-SEVENTH, SEPARATE AND AFFIRMATIVE

23    DEFENSE TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT,

24    Defendant alleges that Plaintiffs' claims are barred by the doctrines of waiver and consent.

25          28.    AS AND FOR A TWENTY-EIGHTH, SEPARATE AND AFFIRMATIVE

26    DEFENSE TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT,

27    Defendant alleges that to the extent that Plaintiffs and the putative class members, or some of them,

28    seek to recover equitable relief, Plaintiffs and the putative class members are not entitled to such

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

6.

E-FILED: Jun 6, 2011 2:57 PM, Superior Court of CA, County of Santa Clara, Case #1-11-CV-199366 Filing #G-32441

1   relief because they have an adequate remedy at law.

2           29.    AS AND FOR A TWENTY-NINTH, SEPARATE AND AFFIRMATIVE

3   DEFENSE TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT,

4   Defendant alleges that even if, arguendo, Plaintiffs could establish a claim for damages, Plaintiffs

5   fails to mitigate such damages, if any.

6           30.    AS AND FOR A THIRTIETH, SEPARATE AND AFFIRMATIVE

7   DEFENSE TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT,

8   Defendant alleges that the imposition of multiple individual penalties would deprive Defendant of its

9   fundamental Constitutional right to due process.

10           31.    AS AND FOR A THIRTY-FIRST, SEPARATE AND AFFIRMATIVE

11   DEFENSE TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT,

12   Defendant alleges that, even assuming arguendo Plaintiffs and/or the putative class members were

13   not provided with a proper itemized statement of wages and deductions, Plaintiffs and the putative

14   class members are not entitled to recover damages because Plaintiffs were not "injured" thereby and

15   because Defendant's alleged failure to comply with California Labor Code section 226 was not a

16   "knowing and intentional failure" under California Labor Code section 226.

17           32.    AS AND FOR A THIRTY-SECOND, SEPARATE AND AFFIRMATIVE

18   DEFENSE TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT,

19   Defendant alleges that Plaintiffs and the putative class members did not necessarily incur

20   "expenditures and losses" as defined under California Labor Code section 2802 and any award of

21   such expenditures and/or losses would unjustly enrich Plaintiffs and the putative class members.

22           33.    AS AND FOR A THIRTY-THIRD, SEPARATE AND AFFIRMATIVE

23   DEFENSE TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT,

24   Defendant is informed and believes and thereon alleges that any of its conduct which is alleged to

25   have been unlawful or improper was taken as a result of misrepresentation or other wrongful conduct

26   by Plaintiffs.

27           34.    AS AND FOR A THIRTY-FOURTH, SEPARATE AND AFFIRMATIVE

28   DEFENSE TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT,

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108-2693
415.433.1940

DEF STRYKER SALES CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT (Case No. 111CV199366)

E-FILED: Jun 6, 2011 2:57 PM, Superior Court of CA, County of Santa Clara, Case #1-11-CV-199366 Filing #G-32441

1   Defendant opposes class certification and disputes the propriety of class treatment.  If the Court

2   certifies a class action in this case over Defendant's objections, then Defendant asserts the

3   affirmative defenses set forth herein against each and every member of the certified class.

4          35.    AS AND FOR A THIRTY-FIFTH, SEPARATE AND AFFIRMATIVE

5   DEFENSE TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT,

6   Defendant alleges that Plaintiffs' claims are barred by the statute of limitations set forth in the

7   Stryker Medical Employee Handbook, as acknowledged by Plaintiffs; and, accordingly, Plaintiffs

8   have waived any statue of limitations to the contrary.

9          36.    AS AND FOR A THIRTY-SIXTH, SEPARATE AND AFFIRMATIVE

10  DEFENSE TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT,

11  Defendant alleges that there exists a *bona fide* dispute as to whether any additional compensation is

12  actually due to Plaintiffs or any person they seek to represent, and if so the amount thereof.

13         37.    AS AND FOR A THIRTY-SEVENTH, SEPARATE AND AFFIRMATIVE

14  DEFENSE TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT,

15  Defendant alleges that even if Plaintiffs or any person they seeks to represent is entitled to any

16  additional compensation, Defendant has not willfully or intentionally failed to pay any such

17  additional compensation to Plaintiffs, or any person they seek to represent, to justify an award of

18  penalties or fees, whether under California Labor Code section 203 or otherwise.

19         38.    AS AND FOR A THIRTY-EIGHTH, SEPARATE AND AFFIRMATIVE

20  DEFENSE TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT,

21  Defendant alleges that Plaintiffs has failed to state facts sufficient to constitute a claim for waiting

22  time penalties under Labor Code section 203 to the extent that any person claiming such penalties

23  did not resign or was not discharged prior to the filing of the action, or refused to accept final wages

24  offered by Defendant.

25         Defendant has not yet completed a thorough investigation and study or completed

26  discovery of all facts and circumstances of the subject matter of the Complaint, and accordingly,

27  reserves the right to amend, modify, revise, or supplement its Answer, and to plead such further

28  defenses and take such further actions as they may deem proper and necessary in its defense upon

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

8.

DEF STRYKER SALES CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT (Case No. 111CV199366)

E-FILED: Jun 6, 2011 2:57 PM, Superior Court of CA, County of Santa Clara, Case #1-11-CV-199366 Filing #G-32441

1    the completion of said investigation and study.

2                                    **III.**

3                          **PRAYER FOR RELIEF**

4          WHEREFORE, Defendant prays for judgment against Plaintiffs as follows:

5          1.     Plaintiffs take nothing by virtue of the claims filed herein and that the claims

6    be dismissed in their entirety with prejudice;

7          2.     For all reasonable costs incurred by Defendant in connection with the defense

8    of this matter;

9          3.     For attorneys' fees; and

10         4.     For such other and further relief as the Court may deem proper.

11   Dated: June 6, 2011

12

13

14                                    THEODORA R. LEE
                                      LENA K. SIMS
15                                    LITTLER MENDELSON
                                      A Professional Corporation
                                      Attorneys for Defendant
16                                    STRYKER SALES CORPORATION

17

18   Firmwide:102087915.1 028459.1049

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

9.

E-FILED: Jun 6, 2011 2:57 PM, Superior Court of CA, County of Santa Clara, Case #1-11-CV-199366 Filing #G-32441

1

## PROOF OF SERVICE BY MAIL

2  I am employed in San Francisco County, California.  I am over the age of eighteen

3  years and not a party to the within-entitled action.  My business address is 650 California Street,

4  20th Floor, San Francisco, California  94108.2693.  I am readily familiar with this firm's practice for

5  collection and processing of correspondence for mailing with the United States Postal Service.  On

6  June 6, 2011, I placed with this firm at the above address for deposit with the United States Postal

7  Service a true and correct copy of the within document(s):

8  **DEFENDANT STRYKER SALES CORPORATION'S ANSWER**
   **TO PLAINTIFF'S COMPLAINT**

9

10  in a sealed envelope, postage fully paid, addressed as follows:

11  Stanley D. Saltzman, Esq.            Walter Haines, Esq.
    Marcus J. Bradley, Esq.            UNITED EMPLOYEES LAW

12  Kiley L. Grombacher, Esq.          GROUP, PC
    MARLIN & SALTZMAN, LLP          110 Pine Avenue, Suite 725

13  29229 Canwood Street, Suite 208    Long Beach, CA 90802
    Agoura Hills, CA 91301

14
    Following ordinary business practices, the envelope was sealed and placed for
15
    collection and mailing on this date, and would, in the ordinary course of business, be deposited with
16
    the United States Postal Service on this date.
17
    I declare under penalty of perjury under the laws of the State of California that the
18
    above is true and correct.
19
    Executed on June 6, 2011, at San Francisco, California.
20

21

22  _____
                  Cynthia K. Montague
23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

Firmwide:102088635.1 028459.1049

PROOF OF SERVICE

1   THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
    ELECTRONIC FILING - WWW.SCEFILING.ORG
    c/o Glotrans
    2915 McClure Street
    Oakland, CA94609
2   TEL: (510) 208-4775
    FAX: (510) 465-7348
    EMAIL: Info@Glotrans.com
3

# E-FILED

Jun 6, 2011 2:57 PM
David H. Yamasaki
Chief Executive Officer/Clerk
Superior Court of CA, County of Santa Clara
Case #1-11-CV-199366 Filing #G-32441
By M. Huerta, Deputy

4

5   ## THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

    ## IN AND FOR THE COUNTY OF SANTA CLARA

6   JOHN HOPKINS, BRODY PUCKETT, on behalf of          )   Hopkins, et al. v. Stryker Sales Corporation
    themselves, individually, and on all others         )
7   similarly situated, Plaintiff,                      )   Lead Case No.1-11-CV-199366
                                                        )
                            Plaintiff,                  )   Hon. James P. Kleinberg
8   vs.                                                 )
                                                        )
    STRYKER SALES CORPORATION, a Michigan               )
9   corporation; and DOES 1 to 100, inclusive,          )
    Defendants.                                         )
                                                        )
10                          Defendant.                  )
    _____           )   PROOF OF SERVICE
    AND RELATED ACTIONS                                 )   Electronic Proof of Service
11  _____           )

12       I am employed in the County of Alameda, State of California.

         I am over the age of 18 and not a party to the within action; my business address is 2915 McClure
13  Street, Oakland, CA 94609.

         The documents described on page 2 of this Electronic Proof of Service were submitted via the
14  worldwide web on Mon. June 6, 2011 at 2:19 PM PDT and served by electronic mail notification.

         I have reviewed the Court's Order Concerning Electronic Filing and Service of Pleading Documents and
15  am readily familiar with the contents of said Order. Under the terms of said Order, I certify the above-described
16  document's electronic service in the following manner:

         The document was electronically filed on the Court's website, http://www.scefiling.org, on Mon. June 6,
17  2011 at 2:19 PM PDT

         Upon approval of the document by the Court, an electronic mail message was transmitted to all parties
18  on the electronic service list maintained for this case. The message identified the document and provided
19  instructions for accessing the document on the worldwide web.

         I declare under penalty of perjury under the laws of the State of California that the foregoing is true and
20  correct. Executed on June 6, 2011 at Oakland, California.

21       Dated: June 6, 2011                      For WWW.SCEFILING.ORG

22                                                 Andy Jamieson

23

E-FILED: Jun 6, 2011 2:57 PM, Superior Court of CA, County of Santa Clara, Case #1-11-CV-199366 Filing #G-32441

**THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA**
**ELECTRONIC FILING SYSTEM - WWW.SCEFILING.ORG**

**Electronic Proof of Service**
**Page 2**

**Document(s) submitted by Theodora Lee of Littler Mendelson on Mon. June 6, 2011 at 2:19 PM PDT**

1. Answer - NO FEES DUE: Defendant Stryker Sales Corporation's Answer to Plaintiff's Complaint