UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| JOHN HOPKINS, BRODY PUCKETT, on behalf of themselves, individually, and all others similarly situated,<br>            Plaintiffs,<br><br>v.<br><br>STRYKER SALES CORPORATION, a Michigan Corporation; and DOES 1 to 100, inclusive,<br>            Defendants. | Case No. CV 11-02786 LHK<br><br>**CLASS ACTION**<br><br>**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT** |

Plaintiffs Johns Hopkins and Brody Puckett ("Plaintiffs") have made a motion, on behalf of themselves and the previously certified class, for an order preliminarily approving the Settlement Agreement between Plaintiffs and Defendant Stryker Sales Corporation ("Defendant"). *See* ECF No. 45 ("Motion"). Defendant does not oppose Plaintiffs' motion. *See* ECF No. 49. The Court, having considered and reviewed the documents, arguments and evidence submitted by the moving party, and good cause appearing therefore, does hereby GRANT the motion, and FINDS and ORDERS as follows:

1.     On May 14, 2012, the Court certified a class consisting of:

All individuals who: (1) were employed by Defendant in California from April 20, 2007, until February 1, 2011; (2) held the title of "Sales Representative"; and (3) worked in the Endoscopy, Communications, or Instruments Divisions.  Excluded

1

from this class are employees who worked in the Navigation Business Unit of the Instruments Division.

2. The Settlement Class consists of those members of the class certified on May 14, 2012. The Settlement Class excludes those members of the certified class who have timely opted out of participation in this class action. The Settlement Class also excludes one member of the certified class who requested that he be excluded from participation in the class action after the deadline for exclusion had passed, and whose request for exclusion was approved by the parties. Members of the Settlement Class are referred to herein as "Settlement Class Members".

3. The Court finds on a preliminary basis that the proposed terms of the settlement as set forth in the Settlement Agreement, as revised by the parties on December 6, 2012 (ECF No. 54-1), are within the range of reasonableness of a settlement which could ultimately be given final approval by the Court, and therefore GRANTS preliminary approval of the proposed settlement. Based on a review of the papers submitted with the motion, the Court finds that the settlement is the result of arms-length negotiations conducted after Class Counsel had adequately investigated the claims and had become familiar with the strengths and weaknesses of those claims. The assistance of an experienced negotiator in the settlement process supports the Court's conclusion that the settlement is non-collusive.

4. The Court finds and concludes that the Notice of Settlement and the Notice of Anticipated Settlement Share, as revised by the parties on December 6, 2012, 2012 (ECF No. 54-1, Exs. A and B) (collectively referred to herein as the Notice Packet), as well as the procedure set forth in the Settlement Agreement and in this Order for providing notice to the Class: (1) will provide the best notice practicable; (2) satisfies the notice requirements of Rule 23(c)(2); and (3) adequately advises Settlement Class Members of their rights under the settlement, and therefore meets the requirements of due process.

5. The Notice Packet fairly, plainly, accurately, and reasonably informs Settlement Class Members of: (1) appropriate information about the nature of this action, the definition of the Class, the identity of Class Counsel, and the essential terms of the settlement, including the plan of allocation; (2) appropriate information about Plaintiffs' and Class Counsel's applications for Class

1 Representatives' Enhancement Awards, and the Class Counsel's attorneys' fees and litigation and 2 cost award; (3) appropriate information about how to claim a share of the proceeds under the 3 settlement, and about Settlement Class Members' rights to appear through counsel if they desire; (4) 4 appropriate information about how to object to the settlement, if a Class Member wishes to do so; (5) 5 appropriate instructions as to how to obtain additional information regarding this action and the 6 Settlement.

7       6. The Settlement Agreement provides that the Notice Packet will be mailed via first 8 class mail to the Settlement Class Members' last known address.  As set forth in the Settlement 9 Agreement, notice shall be mailed within 14 days of Settlement Administrator's receipt of the 10 Settlement Class Members' contact information from Defendant.  The Court finds that mailing the 11 Notice Packet via first class mail is an appropriate method or providing notice and is reasonably 12 designed to reach all individuals who would be bound by the settlement.  Mailing the Notice Packet 13 will provide the best practicable notice under the facts and circumstances of this case.

14       7. The parties are ordered to carry out the settlement according to the terms of the 15 Settlement Agreement.

16       8. The Court appoints Simpluris, Inc. as the Settlement Administrator.  Promptly 17 following entry of this order, the Settlement Administrator will prepare a final version of the Notice 18 Packet, incorporating into it the relevant dates and deadlines set forth in this order and the Settlement 19 Agreement and will commence the notice process in accordance with the scheduling order set forth 20 below.

21       9. Any Settlement Class Member may file an objection to, *inter alia*: (a) the proposed 22 settlement, as set forth in the Settlement Agreement and described in the Settlement Notice; (b) the 23 payment of fees and reimbursement of expenses to Plaintiffs' Counsel; (c) Enhancement Award to 24 the Class Representatives; and/or (d) entry of the Judgment.  Objections must be filed with the 25 Settlement Administrator on or before 30 days of the date the Notice Packet is mailed to the 26 Settlement Class Member. Any Settlement Class Member who does not make his or her objection to 27 the settlement in the manner provided herein and in the Settlement Agreement and in compliance 28 with applicable law, shall be deemed to have waived such objection for purposes of appeal, collateral

attack or otherwise.  A Settlement Class Member need not appear at the Final Approval Hearing in order for his, her or its objection to be considered.  However, if an objector wishes to address the Court at the final approval hearing, the objector must notify the Court and the attorneys for the Class and the Defendant in writing 30 days in advance of the hearing.

10. No later than twenty-eight (28) days before the last day to object to the Settlement, Class Counsel shall file their motion for an award of attorneys' fees, costs, and for class representative enhancement awards.

11. The Settlement Administrator shall mail the Notice Packet no later than December 17, 2012.

12. No later than January 21, 2013, the parties shall file all papers in support of the Motion for Final Approval of the Settlement and/or any papers in response to any valid and timely objection with the Court, and shall serve copies of such papers upon each other and upon any objector who has complied with the provisions of this Order.

13. The Court will conduct a Final Approval Hearing on January 31, 2013, at 1:30 p.m. to determine, (1) whether the proposed settlement is fair reasonable, and adequate and should be finally approved by the Court; (2) the amount of attorneys' fees and costs to award to Class Counsel; and (3) the amount of Enhancement Awards to the Class Representatives.

14. If for any reason the Court does not grant final approval of the settlement, or the settlement otherwise does not become effective in accordance with the terms of the Settlement Agreement, the parties shall revert to their respective positions as of before entering into the Settlement Agreement and each Party shall retain all of their respective rights in connection with the May 14, 2012 Certification Order.  Furthermore, if final approval is not granted, this Order shall be rendered null and void and shall be vacated.

**IT IS SO ORDERED.**

Dated:  December 11, 2012

_____
Hon. Lucy Koh
United States District Judge

4

Order Granting Preliminary Approval of Settlement                                          Case No. CV 11-02786 LHK