# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| JOHN HOPKINS, BRODY PUCKETT, on behalf of themselves, individually, and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>STRYKER SALES CORPORATION, a Michigan Corporation; and DOES 1 to 100, inclusive,<br><br>Defendants. | Case No. CV 11-02786 LHK<br><br>**CLASS ACTION**<br><br>**[PROPOSED] ORDER GRANTING FINAL APPROVAL TO CLASS ACTION SETTLEMENT**<br><br>(Assigned to Hon. Lucy H. Koh Courtroom 8, 4th Floor)<br><br>Date:       January 31, 2013<br>Time:      1:30 P.M.<br>Courtroom:  8 |

This matter came before this Court on the Plaintiffs' Motion for Final Approval of Settlement ("Final Approval Motion").

WHEREAS, a class action is pending before the Court entitled *John Hopkins, et. al. vs. Stryker Sales Corporation,* Case Number CV-11-02786 LHK;

WHEREAS, the Court has received and reviewed the Settlement Agreement entered into between the Class Representatives and the Class Members, on the one hand, and Defendant, on the other hand, and has considered the terms of the proposed settlement set forth therein (the "Settlement");

WHEREAS, all terms contained herein shall have the same meanings as set forth in the Settlement Agreement, unless otherwise defined herein;

WHEREAS, on December 11, 2012, the Court entered its order preliminarily approving the Settlement of this class action, approving the form and method of notice, and setting a date

1  and time for a fairness hearing to consider whether the Settlement should be finally approved by
2  the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure as fair, adequate, and
3  reasonable (the "Preliminary Approval Order");

4  WHEREAS, the Preliminary Approval Order further directed that all members of the
5  Settlement Class be given notice of the Settlement and of the date for the final fairness hearing;

6  WHEREAS, the Court has received the declaration of Krista Tittle attesting to the
7  mailing of the Notice in substantial accordance with the Preliminary Approval Order;

8  WHEREAS, the Court notes that there have been no objections to any aspect of the
9  Settlement; and

10  WHEREAS, the Court having conducted a final fairness hearing on January 31, 2013
11  (the "Fairness Hearing"), and having considered the arguments presented, all papers filed and all
12  proceedings had therein;

13  IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

14  1.  The Court has jurisdiction over the subject matter of this action, all members of
15  the Settlement Class, and Defendant.

16  2.  In accordance with Rule 23 of the Federal Rules of Civil Procedure and the
17  requirements of due process, all members of the Settlement Class have been given proper and
18  adequate notice of the Settlement.  Based upon the evidence submitted by the parties, the
19  Settlement Agreement, the arguments of counsel, and all the files, records and proceedings in
20  this case, the Court finds that the Notice and notice methodology implemented pursuant to the
21  Settlement Agreement and the Court's Preliminary Approval Order (a) constituted the best
22  practicable notice under the circumstances; (b) constituted notice that was reasonably calculated,
23  under the circumstances, to apprise members of the Settlement Class of the pendency of the
24  litigation, their right to object to the Settlement, and their right to appear at the Fairness Hearing;
25  (c) were reasonable and constituted due, adequate and sufficient notice to all persons entitled to
26  notice; and (d) met all applicable requirements of Rule 23 of the Federal Rules of Civil
27  Procedure, and any other applicable law.

28

3.      The Settlement Agreement in this action warrants final approval pursuant to Rule 23(e) of the Federal Rules of Civil Procedure because it is fair, adequate, and reasonable to those it affects, and resulted from vigorously contested litigation, including meaningful discovery, motion practice and additional merits discovery, and extensive good-faith arm's length negotiations between the parties, and is in the public interest considering the following factors:

    (a)      the strength of the plaintiffs' case;

    (b)      the risk, expense, complexity and likely duration of further litigation;

    (c)       the risk of maintaining class action status throughout the trial;

    (d)      the amount offered in settlement;

    (e)      the extent of discovery completed, and the stage of the proceedings;

    (f)      the experience and views of counsel;

    (g)      the presence of a governmental participant; and

    (h)      the reaction of the class members to the proposed settlement.

*Torrisi v. Tucson Elec. Power Co.,* 8 F.3d 1370, 1375 (9th Cir. 1993).  Settlements that follow sufficient discovery and genuine arms-length negotiation are presumed fair.  *Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1026 (9th Cir. 1998).

4.      The Final Approval Motion is hereby GRANTED, and the Settlement Agreement is hereby APPROVED as fair, reasonable, adequate, and in the public interest, and the terms of the Settlement Agreement are hereby determined to be fair, reasonable and adequate, for the exclusive benefit of the Class Members.  The Parties are directed to consummate the Settlement Agreement in accordance with its terms.

5.      The Court APPROVES payment of the Class Settlement Amount in accordance with the terms of the Settlement Agreement.

6.      The Court APPROVES payment of Attorneys' Fees in the amount of $1,275,000 and Costs in the amount of $69,715.88 to Class Counsel, as detailed in the Order Awarding Attorneys' Fees and Costs issued contemporaneously herewith.

7.      The Court APPROVES payment of enhancement awards to the Representative

1  Plaintiffs in the amount of $7,500 each, as detailed in the Order Granting Enhancement Award to
2  Representative Plaintiffs issued contemporaneously herewith.

3       8.      Class Counsel have provided the Court with the declaration of Jamie Hopkins,
4  the surviving spouse of Representative Plaintiff John Hopkins (deceased) pursuant to California
5  Probate Code § 13100 evidencing the fact that she is Mr. Hopkins sole surviving heir.  The
6  Administrator is ordered to pay all funds due Mr. Hopkins pursuant to the Settlement directly to
7  Jamie Hopkins.

8       9.      The allocation plan is hereby APPROVED as fair, adequate, and reasonable.
9  The Class Settlement Amount, Class Representative Incentive Awards, and Attorneys' Fees and
10 Costs Amount shall be distributed in accordance with the terms of the Settlement Agreement and
11 any further orders of this Court.

12       10.      The Litigation is DISMISSED WITH PREJUDICE and without costs to any
13 Party, other than as specified in the Settlement Agreement and this Order.

14       11.      In consideration of the Class Settlement Amount, and for other good and
15 valuable consideration, each of the Releasing Class Members shall, by operation of this
16 Judgment, have fully, finally, and forever released, relinquished, and discharged all Class
17 Member Released Claims against Defendant in accordance with the terms of the Settlement
18 Agreement and as Released Claims are defined in the Settlement, shall have covenanted not to
19 sue Defendant with respect to all such Released Claims, and shall be permanently barred and
20 enjoined from instituting, commencing, prosecuting or asserting any such Class Member
21 Released Claim against Defendant.

22       12.      This Judgment is the Final Judgment in the suit as to all Class Member Released
23 Claims.

24       13.      Without affecting the finality of this Judgment in any way, this Court retains
25 jurisdiction over (a) implementation of the Settlement and the terms of the Settlement
26 Agreement; (b) distribution of the Class Settlement Amount, the Class Representative Incentive
27 Awards, and the Attorneys' Fees and Costs Amount; and (c) all other proceedings related to the
28

implementation, interpretation, administration, consummation, and enforcement of the terms of the Settlement Agreement and/or the Settlement, and the administration of Claims by Settlement Class Members.

14. In the event that the Settlement Effective Date does not occur, this Judgment shall be rendered null and void and shall be vacated, *nunc pro tunc*, and without prejudice to the status quo ante rights of Plaintiffs, Class Members, and Defendant

15. This Court finds that there is no just reason for delay and expressly directs Judgment and immediate entry by the Clerk of the Court.

**IT IS SO ORDERED**.

Date: February 6, 2013

*Lucy H. Koh*
Hon. Lucy H. Koh
United States District Judge